**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Judith Rivkin,

Plaintiff,

vs.

Hennepin County, Minnesota; Superintendent John Skavnak, individually and in his official capacity; Corrections Unit Supervisor Roger Gaustad, individually and in his official capacity; and Corrections Unit Supervisor Roger Pederson, individually and in his official capacity,

Defendants.

**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

Court File No: 01-670-PAM/JGL

---

## STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

Pursuant to Requests for Production of Documents by both Plaintiff and Defendants, Plaintiff and Defendants stipulate and agree, subject to this Court's approval, that:

1. All information disclosed, furnished or submitted to Plaintiff by or on behalf of Defendants to Plaintiff in this litigation, whether or not designated "confidential and protected," shall be used solely in connection with pretrial proceedings, preparation for trial, trial, settlement, or other proceedings in this litigation. The only exception will be information that is considered to be public data under Minn. Stat. Sec. 13.43 (Personnel Data).

FILED 2-21-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

2. All information disclosed, furnished or submitted to Defendants by or on behalf of Plaintiff in this litigation, whether or not designated "confidential and protected," shall be used solely in connection with pretrial proceedings, preparation for trial, trial, settlement, or other proceedings in this litigation. The only exception will be information that is considered to be public data under Minn. Stat. Sec. 13.43 (Personnel Data).

3. The term "confidential and protected" documents or information shall be deemed to refer to:

a. All records relating to managers' and supervisors' investigations into any complaints or performance issues concerning Plaintiff's employment with Hennepin County. The only exception is that information which is deemed to be public information under Minn. Stat. Sec. 13.43 (Personnel Data).

b. Any personnel information regarding both current and former Hennepin County employees that is not otherwise considered to be public data under Minn. Stat. Sec. 13.43 (Personnel Data).

c. All medical records concerning the Plaintiff.

d. All tax records concerning the Plaintiff.

4. The discovery documents in their entirety shall be used solely for the purpose of this action and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Order. The only exception will be information that is considered to be public data under Minn. Stat. Sec. 13.43 (Personnel Data).

5. Access to all discovery documents and to the information therein (including extracts and summaries derived from them) shall be restricted to:

a. the attorneys in the law offices appearing in this action for Plaintiff and Defendants and personnel who are directly employed by those firms and are assisting the attorneys working on this action;

b. the Plaintiff and those individual Defendants or employees of Defendants whose assistance is required in the preparation of this litigation for trial and who must have access to the materials to render this assistance;

c. outside experts or consultants retained in connection with this action;

d. the Court and court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to the preparation for trial of this litigation; and

e. such other persons as the parties shall agree to in writing, or the Court shall determine.

6. Each qualified person described in subparagraphs (b), (c) or (e) of the preceding paragraph to whom discovery documents are to be furnished, shown or disclosed shall first be presented by the disclosing party with a copy of this Protective Order. All such persons shall be bound by the terms of this Protective Order, and shall not permit disclosure of the discovery documents or the information contained therein other than pursuant to the terms of the Order.

7. All discovery documents or information designated as "confidential and protected," as defined by paragraph 3 of this Stipulation, shall be filed with the Court under seal.

8. Upon termination of this action (whether by judgment, settlement or otherwise), both Plaintiff and Defendants shall assemble all discovery documents designated as "confidential and protected," as defined by paragraph 3 of this Stipulation, including copies thereof, and place these documents in a separate sealed sub-file marked "confidential and protected." Upon closing the file, only the Plaintiff's and Defendants' counsels working on this matter and their staff members may have access to the "confidential and protected" sub-file in the future.

9. Nothing in the Order shall be deemed to restrict in any way any party or its attorneys with respect to that party's own documents.

10. Upon settlement or final judgment, all copies of discovery documents introduced into evidence that are designated as "confidential and protected," as defined by paragraph 3 of

this Stipulation, in the subject action shall be withdrawn from evidence and returned to the respective party.

11. In any deposition, the parties may designate as "confidential and protected" any testimony regarding the discovery documents that are designated as "confidential and protected," as defined by paragraph 3 of this Stipulation, by advising the reporter of such fact.

12. The Court, pursuant to its power under Minn. Stat. Sec. 13.03, Subd. 6, hereby authorizes Defendant Hennepin County and its agents to release to Plaintiff, pursuant to the confidentiality terms of this order, all private data that Hennepin County determines is both relevant to this suit and is responsive to Plaintiff's discovery requests.

13. This Order does not require Defendants to disclose any private data under Minn. Stat. Sec. 13.43 that Defendants determine is not relevant to this case and, that pursuant to the balancing criteria of Minn. Stat. Sec. 13.03, Subd. 6, is not subject to disclosure in this suit. Both parties agree that: (a) Plaintiff has preserved her right to seek a court order compelling release of any private or confidential data that is not disclosed by Defendant Hennepin County; and (b) Defendants have preserved their rights, pursuant to Minn. Stat. Sec. 13.03, to contest the release of private or confidential data.

14. This Order does not require Plaintiff to disclose any information that she believes is not subject to disclosure under the applicable discovery rules. Both parties agree that: (a) Defendants have preserved their right to seek a court order compelling release of any information or documents that are not disclosed by Plaintiff; and (b) Plaintiff has preserved her rights to contest the release of information or documents that she reasonably believes is not subject to disclosure under the discovery rules.

15. If the Court ultimately orders either party to disclose disputed discovery information or documents and if any part of the disclosed material is designated as "confidential and protected," as defined by paragraph 3 of this Stipulation, then this Order's provisions providing for the confidential handling of "confidential and protected" discovery materials shall apply to these materials.

16. Plaintiff and Defendants may apply to the Court for a modification of this Order, and nothing in the Order shall be deemed to prejudice their rights to seek modification.

Dated: 2-05-02, 2002

OFFICE OF THE HENNEPIN COUNTY ATTORNEY

By: Beverly J. Wolfe

BEVERLY J. WOLFE (131751)
Assistant County Attorneys
Attorney for County of Hennepin
2000A Government Center
Minneapolis, MN 55487
Telephone: (612) 348-2240, 348-4984
Fax No: (612) 348-8299

Attorney for Defendants

Dated: 2·11·02, 2002

Mary G. Dobbins & Associates

By Mary G Dobbins

Mary G. Dobbins (#14857X)
7400 Metro Boulevard,
Suite 100
Edina, MN 55439
(952) 893-2925

Attorney for Plaintiff Judith Rivkin

**Approved and so ordered.**

Dated: Feb 21, 2002

BY THE COURT:

The Honorable Jonathon Lebedoff
U.S. Magistrate Judge of District Court

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

FORMS\PROTECOR.NOT
Rev. 2/23/01